**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
**KARYN BLUMSTEIN-TORRELLA,**

                **Plaintiff,**

    -against-

**NEW YORK CITY DEPARTMENT OF**
**EDUCATION and BARBARA BELLAFATTO,**
*Principal P.S. 36*,

                **Defendants.**
------------------------------------------------------------------

**1:19-cv-03492 (ALC) (VF)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff Karyn Blumstein-Torrella commenced this lawsuit *pro se* against Defendants New York City Department of Education ("NYC DOE" or "DOE") and Barbara Bellafatto for (1) interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA"); (2) disability discrimination, retaliation and hostile work environment under the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"); (3) age discrimination, retaliation and hostile work environment under the Age Discrimination in Employment Act of 1967 ("ADEA"), NYSHRL and NYCHRL; (4) religious discrimination, retaliation and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), NYSHRL and NYCHRL. ECF No. 2. On May 3, 2019, Nicholas Benjamin Green appeared on behalf of Defendants, ECF No. 5, and on July 11, 2019, Bryan David Glass appeared on behalf of Plaintiff. ECF No. 9.

    On July 17, 2019, before the Defendants answered, the Court granted Plaintiff leave to file an amended complaint, ECF No. 11, which she filed on September 4, 2019. ECF No. 12. Defendants requested to file a joint motion to dismiss the amended complaint. ECF. No. 17.

1

Parties filed briefing on the motion to dismiss between March and April of 2020, and the Court granted in part and denied in part the Defendants' motion. ECF No. 22. Specifically, the Court dismissed Plaintiff's Title VII, NYSHRL, and NYCHRL claims, alleging a hostile work environment premised on Plaintiff's religion; her NYSHRL and NYCHRL claims alleging a hostile work environment based on her disability; Plaintiff's ADEA, NYSHRL, and NYCHRL claims alleging a hostile work environment based on age; and her NYSHRL and NYCHRL claims alleging retaliation based on age, religion, and disability. *Id.* at 6. The Court dismissed those claims because Plaintiff abandoned them by failing to oppose Defendants' motion to dismiss as to those claims. *Id.* The Court dismissed Plaintiff's remaining NYSHRL and NYCHRL claims against the DOE because Plaintiff failed to plead that she had filed the required Notice of Claim. *See id.* at 6-7. The Court also concluded that Plaintiff's Title VII, ADA, and ADEA claims against the DOE arose from conduct before July 27, 2017, and were, therefore, time barred. *Id.* at 8. As to Plaintiff's FMLA interference claims, the Court concluded that Plaintiff failed to plead that she was eligible for FMLA intermittent leave when her leave was terminated. *Id.* at 9-10.

The Court also found that Plaintiff's allegations "did not support an inference that Plaintiff was discriminated against because of her religion" and dismissed Plaintiff's religious-discrimination claims under Title VII against the DOE and her NYSHRL and NYCHRL claims against both Defendants. *Id.* at 12-13. The Court also dismissed Plaintiff's age-discrimination claims under the ADEA against the DOE and her NYSHRL and NYCHRL claims against both Defendants because she failed to allege any action by Defendants that tied to Plaintiff's age or seniority. *Id.* at 14-15. Additionally, the Court dismissed Plaintiff's hostile work environment

claim under the ADA against the DOE because Plaintiff failed to allege how the incidents were related to her disability. *See id.* at 19-20.

The Court did deny Defendants' motion to dismiss as it pertained to Plaintiff's disability discrimination claims under the ADA, the NYSHRL, and the NYCHRL, and Plaintiff's retaliation claims under Title VII, the ADEA, and the ADA. *Id.* at 18, 21, 23.

Plaintiff was to indicate within 14 days of the opinion on the motion to dismiss whether she would seek leave to file an amended complaint. *Id.* at 23. In a joint status letter filed August 23, 2023, Plaintiff indicated such intention, ECF No. 24 at 1, and on October 3, 2023, Plaintiff filed her motion for leave to file a second amended complaint. ECF Nos. 31-33. On November 21, 2023, the Defendants filed their opposition. ECF No. 41. On December 4, 2023, Plaintiff requested leave to file a reply brief, ECF No. 42, which the Court denied. ECF No. 43.

The case was subsequently referred to Magistrate Judge Valerie Figueredo for General Pretrial. ECF No. 44. On behalf of Plaintiff, Evan Burstein appeared on February 15, 2024, ECF No. 36, and William Andrew Grey appeared on February 16. ECF No. 47.

On September 9, 2024, Judge Figueredo issued a Report and Recommendation ("Report") recommending Plaintiff's motion for leave to file a second amended complaint be granted in part and denied in part. ECF No. 51 ("Report"). On September 13, 2024, the Parties requested an extension until October 18, 2024 to file objections to the Report, which was granted. ECF Nos. 52, 53. No Parties filed objections to the Report. For the reasons that follow, the Court adopts Judge Figueredo's Report in its entirety as the opinion of the Court.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case. 28 U.S.C. §§ 636(b)(1)(A)-(C). A district judge

must undertake a *de novo* review of any portion of a magistrate judge's report that has been properly objected to. Fed. R. Civ. P. 72(b)(3). In the absence of objections, however, the Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Graves v. Corr. Med. Serv.*, 667 F. App'x 18, 19 (2d Cir. 2016) (summary order) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (internal quotation marks omitted). In reviewing a report and recommendation free from objections, the district court reviews the report for clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *see also Patterson v. Rock*, No. 09-cv-1038, 2012 WL 3245489, at *1 (S.D.N.Y. Aug. 3, 2012).

## DISCUSSION

In the Report, Judge Figueredo recommended that "Plaintiff be granted leave to amend her FMLA interference claim for her second leave request (from December 2018), and her hostile work environment claims due to disability under the ADA, the NYSHRL, and the NYCHRL." Report at 40. Judge Figueredo recommended denying "Plaintiff's motion … as to the following claims: Plaintiff's FMLA interference claims based on her first and third leave requests; her religious-discrimination and hostile work environment claims under Title VII, the NYSHRL, and the NYCHRL; and her age discrimination and hostile work environment claims under the ADEA, the NYSHRL, and the NYCHRL." *Id.* at 40.

Judge Figueredo conducted a thorough review of Plaintiff's motion and Defendants' opposition. Judge Figueredo considered any prejudice that granting leave for Plaintiff's hostile work environment claims due to disability under the NYSHRL and the NYCHRL would cause to the Defendants. *Id.* at 12-15. Additionally, Judge Figueredo undertook a detailed analysis of

4

Defendants' futility arguments in deciding which of Plaintiff's claims were adequately alleged. *Id.* at 16-37. Judge Figueredo stated that the parties had fourteen (14) days from the date of service to file any objections, and that failure to do so would "result in a waiver of objections and will preclude appellate review." *Id.* at 40. After requesting an extension, no party filed objections to the Report. *See* ECF. Thus, the Parties have waived any right to further appellate review.

This Court has reviewed the Report for clear error and finds none. Accordingly, Judge Figueredo's well-reasoned Report and Recommendation is adopted in its entirety as the opinion of the Court.

## CONCLUSION

For the reasons herein, the Court adopts Judge Figueredo's Report and Recommendation in its entirety. Accordingly, Plaintiff's motion for leave to file a second amended complaint is GRANTED in part and DENIED in part. Plaintiff is granted leave to amend her FMLA interference claim for her second leave request (from December 2018), and her hostile work environment claims due to disability under the ADA, the NYSHRL, and the NYCHRL. Plaintiff's motion is denied as to: Plaintiff's FMLA interference claims based on her first and third leave requests; her religious-discrimination and hostile work environment claims under Title VII, the NYSHRL, and the NYCHRL; and her age discrimination and hostile work environment claims under the ADEA, the NYSHRL, and the NYCHRL.

The parties are hereby ORDERED to contact Magistrate Judge Figueredo to set a schedule regarding the filing of the second amended complaint.

**SO ORDERED.**

**Dated:  November 20, 2024**
         New York, New York

                                                **ANDREW L. CARTER, JR.**
                                                **United States District Judge**