**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
KARYN BLUMSTEIN-TORRELLA,

                    Plaintiff,              **19-CV-3492 (ALC) (VF)**

      -against-                       **<u>ORDER</u>**

NEW YORK CITY DEPARTMENT OF
EDUCATION et al.,

                    Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

On February 7, 2025, the Court entered a Protective Order that requires information designated "Confidential" to "be held and used by the person receiving such information solely for use in connection with the action." ECF No. 64 at ¶ 2. On November 25, 2025, Plaintiff submitted a letter motion seeking an order that certain documents exchanged in discovery and marked "Confidential" by Defendants were not properly designated "Confidential," such that their disclosure would not violate the Protective Order in this case. ECF No. 70; <u>see also</u> ECF No. 78. Plaintiff would like to use these documents in an Article 78 proceeding that she intends to commence in New York Supreme Court.[1]

As an initial matter, in filing the instant motion, counsel for Plaintiff filed the Confidential documents publicly on the docket, without an accompanying request to seal, and argued in its letter that the filing of the motion rendered the issue "moot," because the documents

---

[1] Specifically, Plaintiff seeks to use in her forthcoming state-court proceeding the documents appended to her letter motion and designated as Exhibits 13, 16, 22, 25, and 26. <u>See</u> ECF No. 70 at 3.

would be publicly available on the docket.[2] ECF No. 70 at 3. Counsel should not have filed the documents publicly and should have instead appended a request to seal to his motion.

Regardless, Defendants have shown that the documents at issue were properly marked Confidential. Plaintiff contends that Defendants have no good-faith basis for marking the documents Confidential. Id. But as Defendants explain, the documents are a string of e-mail communications between non-party employees of the New York City Department of Education, where those individuals discuss internal mechanisms related to Plaintiff's request for an accommodation, her leave records, and her efforts to return to active employment. ECF No. 77 at 1-2. Further, it appears that the e-mails would be exempt from disclosure pursuant to New York's Freedom of Information Law ("FOIL"), as they would fall under the exemption for intra-agency communications. See N.Y. Pub. Of. L. § 87(2)(g). Because the documents were properly marked Confidential, any use of them outside of this litigation would violate the Protective Order.

Plaintiff's argument concerning a First Amendment right of access is misplaced, as there is no First Amendment or common law right of access to documents exchanged in pretrial discovery. See e.g., Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) ("There is no presumption of access to documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery."). The exhibits at issue are not "judicial documents" to which a presumption of access applies, as they have not been submitted to the Court for purposes of resolving, for example, a motion for summary judgment. See, e.g., S.E.C. v. TheStreet.Com, 273 F.3d 222, 233 (2d Cir. 2001) (explaining that a document

---

[2] Shortly after counsel filed the letter motion with exhibits, the Court temporarily sealed the exhibits pending resolution of the instant motion.

is not transformed into a judicial document merely because the court reviewed it to determine whether the protective order was appropriate).

Accordingly, for the reasons stated herein, Plaintiff's request is **DENIED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 70. The Clerk of Court is also directed to maintain the viewing restrictions at ECF No. 70.

      **SO ORDERED.**

DATED:    New York, New York
             December 11, 2025

                                        VALERIE FIGUEREDO
                                        United States Magistrate Judge