**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
KARYN BLUMSTEIN-TORRELLA,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION et al.,

Defendants.
---------------------------------------------------------------X

**19-CV-3492 (ALC) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 29, 2026, the City Defendants filed a letter motion to compel Plaintiff to respond to two categories of document requests. ECF No. 85. On June 30, 2026, Plaintiff opposed the motion. ECF No. 87. The Court held a conference on July 22, 2026. See ECF No. 90. As discussed below, the City Defendants' letter motion is granted in part and denied in part.

The City Defendants seek all non-privileged documents (including any settlement agreements) concerning two lawsuits filed in New Jersey naming Plaintiff, her husband, and her husband's company, Elite Roofing, Inc., as defendants. ECF No. 85 at 1. As discussed at the conference, the City Defendants have demonstrated that these documents are relevant to the issue of whether Plaintiff was employed by Elite Roofing, Inc. while on leave from her employment with the Department of Education. See id. at 2-3. Contrary to Plaintiff's contention that this is a fishing expedition, the fact that Plaintiff was named as a party in those employment-related lawsuits provides a sufficient basis for the City Defendants' request to review the documents. At the conference, Plaintiff's counsel indicated that Plaintiff does not have any documents in her possession relating to the two lawsuits. Accordingly, Plaintiff is hereby ordered to provide a written authorization to the City Defendants so that the City Defendants can obtain any non-

privileged documents (including any settlement agreements) from the law firm that provided the representation to Plaintiff, her husband, and Elite Roofing. Cf. Cohen v. New York City, No. 24-CV-2594 (LJL), 2024 WL 4582368, at *1-2 (S.D.N.Y. Oct. 24, 2024) (ordering plaintiff to execute and serve upon defendants a "Designation of Agent for Access to Sealed Records" to permit defendants to review sealed records related to plaintiff's prior arrest).

The City Defendants also seek the retainer agreements Plaintiff has with her current and former counsel, including any engagement/representation letters signed by Plaintiff and the attorneys who represented her in those actions, and any general or professional liability insurance agreements. ECF No. 85 at 1. As to this category of documents, the City Defendants have not demonstrated why discovery of the retainer agreements and billing records is necessary at this stage in the case, before Plaintiff has moved for attorney's fees or a trial has even occurred. The request is therefore denied as premature. See VR Optics, LLC v. Peloton Interactive, Inc., No. 16-CV-6392 (JPO), 2019 WL 2121690, at *6 (S.D.N.Y. May 15, 2019) (denying defendant's motion to compel production of third-party defendants' engagement letters and other agreements with counsel on the grounds that defendant "cite[d] no precedent for its contention that a party's request for attorney's fees and costs warrants compelling the production of that party's fee arrangements with counsel before trial" and that "[t]here is no reason why [such] discovery . . . cannot wait for post-judgment briefing of any eventual motion for attorney's fees and costs").

For the reasons explained herein, the motion to compel is granted in part and denied in part. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 85.

**SO ORDERED.**

DATED: New York, New York
July 22, 2026

VALERIE FIGUEREDO
United States Magistrate Judge