19th Floor
New York, NY 10022

929.558.5565
william@williamgreylawoffice.com

William Grey
LAW OFFICE PLLC
EMPLOYMENT LITIGATION & STRATEGY

November 4, 2026

Hon. Valerie Figueredo
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

**Re:** *Blumstein-Torrella v. N.Y.C. Dep't of Educ., et al.*, No. 1:19-cv-03492 (ALC) (VF): Letter-Motion for a discovery conference

Dear Judge Figueredo,

I represent Plaintiff and write under Local Civil Rule 37.2 and Rule II.c.2 of Your Honor's Individual Practices. Plaintiff requests an order (1) finding that Defendants have waived the attorney-client privilege and work-product protection over communications between Department of Education ("DOE") employees and any attorney concerning the termination of Plaintiff's employment (the September 2024 determination to deem her resigned and the refusal to reinstate her), and directing Defendants to produce any such written communication they have withheld; and (2) directing production of DOE_ESI_002527 and the unredacted text of DOE_ESI_002650 (Exhibits 1 and 2).

On September 4, 2026, DOE filed in the Article 78 proceeding an answer as well as an affirmation signed by DOE employee Katherine Rodi. True and accurate copies are Exhibits 3 and 4. On September 9, 2026, Plaintiff wrote to Defendants requesting, *inter alia*, that they withdraw their privilege assertions over the above identified documents (Exhibit 5). On October 29, 2026, DOE responded that Defendants have not asserted "a defense as contemplated by *In Re Erie*" (Exhibit 6), and Plaintiff replied on October 30 (Exhibit 7).

Counsel for all parties conferred by telephone on Friday, October 30, 2026, beginning at about 11:10 a.m. and lasting about 11 minutes; William Grey participated for Plaintiff and Robyn L. Rothman for Defendants. Defendants' position on each issue, as Ms. Rothman stated it: no reliance on counsel or good-faith defense as contemplated by *In re Erie* has been pleaded in this case, so nothing is waived; the Rodi Affirmation belongs to the Article 78 proceeding and cannot ground discovery here; and DOE_ESI_002527 and 002650 will be logged, not produced. I told Ms. Rothman, and she agreed, that the parties were at an impasse on each issue and that Plaintiff would request a conference with the Court. *See* ECF No. 106 at 3.

The operative complaint pleads the termination. ECF No. 59 at 25 ¶ 172. Defendants deny it and plead, as their Fourth Defense, that "[a]ll actions taken against Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory business reasons, and were reasonable, proper, lawful constitutional, made in good faith, and without malice." ECF No. 60 at 22 ¶ 172, 25 ¶ 192. Answering Interrogatory No. 8, DOE "identifies Katherine Rodi, Nikki Shakespeare,

and Lisa Becker as the individuals involved in the determination to terminate Plaintiff." Ex. 8 at 1 (letter of October 31, 2025). Ms. Becker is a DOE lawyer; Defendants told this Court her role was "exclusively acting in a legal capacity." ECF No. 99 at 19.

In the Article 78 proceeding involving the same termination, DOE pleaded the same defense, that it "acted reasonably, lawfully, in good faith, without malice," and that "[t]he Record demonstrates a good faith rational basis for deeming Petitioner resigned." Ex. 3 ¶¶ 230, 231. Ms. Rodi then swore to that court what the good faith consisted of: Ms. Becker was among those who "inquired with me as to whether Petitioner should be terminated," and "[u]pon consultation with DOE attorney, Lisa Becker, the determination was made that Petitioner's continued absence without notice satisfied the requisite period required by the UFT CBA to permit DOE to deem Petitioner 'resigned.'" Ex. 4 ¶¶ 36, 39. Those emails, DOE_ESI_000771-776 (NYSCEF Doc. No. 94), hold one line from Ms. Becker: "Agree. As long as she has not reached out to any DOE office or the school."

On October 29, Defendants represented that those emails "are the only emails in which Lisa Becker was consulted with and weighed in upon Plaintiff's separation of service," and refused every communication with DOE attorneys Laura Berman and Annemarie Caruso. Ex. 6 at 2-3. On October 30, Plaintiff put the election to Defendants in writing (Ex. 7 at 8); they declined to make it.

**1. A good-faith defense sworn to rest on counsel waives the privilege:** At-issue waiver requires that a party "rely on privileged advice from his counsel to make his claim or defense," and "the assertion of a good-faith defense involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege." *In re County of Erie*, 546 F.3d 222, 227-29 (2d Cir. 2008). *Erie* found no waiver only because the petitioners "do not claim a good faith or state of mind defense." *Id.* at 229. "Where a party asserts that it acted in good faith, an implied waiver is routinely found." *Okla. Firefighters Pension & Ret. Sys. v. Musk*, 807 F. Supp. 3d 255, 261-62 (S.D.N.Y. 2025). "[A] defendant invoking his good faith may place his privileged communications at issue even if he does not specifically plead or argue that he relied on an attorney's advice." *Abromavage v. Deutsche Bank Secs. Inc.*, 2019 U.S. Dist. LEXIS 214153, at *8 (S.D.N.Y. Dec. 11, 2019) (brackets added). Sworn affidavits of intent were the trigger in *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 2012 U.S. Dist. LEXIS 92435, at *18, *20-21 (S.D.N.Y. July 2, 2012).

This case is stronger for waiver than any of those: there the courts inferred that the good faith rested on counsel; here the privilege holder has sworn to it. *See Bodega Invs., LLC v. United States*, 2009 U.S. Dist. LEXIS 78217, at *10, *13 (S.D.N.Y. Aug. 21, 2009) (privilege "waived irrespective of whether plaintiff was invoking an advice-of-counsel argument"). Here, the Defendants have put forth their legal interpretation of DOE regulations as guided by legal counsel as an element of their good faith defense.*Compare*, Ex. 4 at ¶¶ 36-39 *with*, *Bharucha v.*

*Siebert Williams Shank & Co.*, 2026 U.S. Dist. LEXIS 54386, at *4 (S.D.N.Y. Mar. 16, 2026) ("Defendant's litigation position directly places the internal investigation at issue").A pleaded good-faith defense, joined to a sworn statement that the decision was made upon consultation with the agency's lawyer, is precisely "an assertion of fact to influence the decision maker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *Erie*, 546 F.3d at 229.

**2. Defendants' objections fail.** *First*, Defendants say no defense "as contemplated by *In re Erie*" is pleaded here. Ex. 6 at 2. Their Answer pleaded good faith and the Rodi Affirmation identifies Ms. Becker as a decisionmaker. ECF No. 60 at ¶ 192. "[I]t is frivolous to suggest that *In re County of Erie* held that implied waiver occurs only when a party relies on advice of counsel in making a claim or defense." *Musk*, 807 F. Supp. 3d at 262. *Second*, the affirmation's state-court origin does not place it beyond this Court's reach. The privilege holder, the decision, and the pleaded defense are the same in both courts. There is no reason to believe that Ms. Rodi's deposition testimony here will deviate from her sworn affirmation, and DOE has already said the same thing in this action by identifying Ms. Becker as one of the three people who made the determination. Ex. 8 at 1.

**3. The election was offered and refused.** "[A] party must disclose during the discovery period whether it intends to rely on factual assertions or corresponding defenses that would require a waiver of the attorney-client privilege." *In re Buspirone Antitrust Litig.*, 208 F.R.D. 516 at 522 (S.D.N.Y. 2002); *see also*, *Musk*, 807 F. Supp. 3d at 259. Defendants declined; the Court should find the waiver. Whether writings or oral communications exist beyond the September 3 and 4 emails is a question for the depositions of the decision-makers and Ms. Becker, which follow this ruling. ECF No. 106 at 3.

**4. DOE_ESI_002527 and 002650 should be produced.** DOE_ESI_002527 is identified in Defendants' privilege log as a 1:03 pm, March 14, 2024 email from Mallory Sullivan, a non-lawyer HR Deputy Director, to Ms. Caruso, logged as "ACC/AWP" with no description; three minutes later Ms. Sullivan told the HR group deciding Plaintiff's placement that she was "getting more info from Annmarie Caruso who is the liaison for the external litigation." Ex. 2. The redaction at 002650, Ms. Rodi's forward to Ms. Berman the same hour, appears on neither log. A non-lawyer's request for service-history facts for a placement decision is neither legal advice nor work product; neither entry lets Plaintiff "assess the claim," Fed. R. Civ. P. 26(b)(5)(A)(ii); both should be produced. Plaintiff respectfully requests a conference.

Sincerely yours,

William Grey

*William Grey*

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 6, 2026**

Defendants are directed to submit a response by **Friday, November 13, 2026**.